IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | |
| | | **Criminal No.: RDB-17-0440** |
| **LATRELL LEAK,** | * | |
| Defendant. | * | |

\* * * * * * * * * * * * *

**<u>MEMORANDUM ORDER</u>**

On September 10, 2018, Defendant Latrell Leak ("Defendant" or "Leak") pled guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. (ECF Nos. 225, 226.) This guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Civil Procedure. (ECF No. 226.) The plea agreement specifically provided that the parties had agreed to recommend a sentence of 60 months' imprisonment. (*Id.*) On December 17, 2018, this Court sentenced Leak to the agreed upon 60 months with credit for time served in federal custody since February 22, 2018. (ECF No. 248.)

Now pending is Leak's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 286), in which he seeks immediate release from custody. Leak generally asserts that he is entitled to this relief due to "multiple vital issues and family circumstances" and states that his family members are situated in the State of Maryland and the City of Baltimore which have been "devastated" by the COVID-19 pandemic. (*Id.*) Even if such statements were sufficient to show extraordinary and compelling reasons for release, Leak has not presented any evidence that he has exhausted administrative remedies as required

1

to seek this Court's relief, and his Motion for Compassionate Release (ECF No. 286) is DENIED.

## BACKGROUND

On August 15, 2017, Defendant Leak was charged with nine co-Defendants in a one count indictment with conspiracy to distribute and possess with intent to distribute controlled substance, in violation of 21 U.S.C. § 846. (ECF No. 1.) On September 10, 2018, he pled guilty to that offense pursuant to a plea agreement in which he made certain factual and guidelines stipulations. (ECF Nos. 225, 226.) As to the facts, Leak stipulated that surveillance by the Baltimore City Police Department and the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") revealed that he and his nine co-defendants worked in concert with one another to sell narcotics at the intersection of Calverton and Hollins Street in Baltimore, Maryland. (ECF No. 226.) During the course of the surveillance, undercover agents purchased approximately 29 grams of powdered cocaine from Leak and his co-conspirators, and investigators estimated that in total the conspirators had sold more than 500 grams of substance containing a detectable amount of cocaine. (*Id.*) Leak participated in this conspiracy between May and August of 2017. (*Id.*)

With respect to the Federal Sentencing Guidelines, Leak stipulated that the base offense level was 24. (*Id.*) The Government did not oppose a two-level reduction in the Defendant's adjusted offense level based on his apparent prompt acceptance of personal responsibility and an additional one-level reduction for his timely notification of his intent to plead guilty. (*Id.*) Accordingly, the parties agreed to a recommended sentence of 60 months' incarceration. (*Id.*) On December 17, 2018, this Court sentenced Leak to 60 months of

imprisonment and four years of supervised release with credit for time served in federal custody since February 22, 2018.  (ECF No. 248.)

On March 9, 2021, Defendant Leak moved for his immediate release in light of the ongoing COVID-19 pandemic, asserting that his family lives in Baltimore, Maryland, which has been devastated by the virus.  (ECF No. 286.)  He asserts that he is a rehabilitated inmate, and that he has served a sufficient portion of his sentence.  (*Id.*)  He also asserts that he requested via email that the warden of his facility grant him compassionate release on December 3, 2020.  (*Id.*)  However, Leak did not provide any documentation of this alleged correspondence.

The same day the Defendant filed his Motion, the Clerk of this Court instructed him to submit certain information to the Office of the Federal Public Defender to facilitate its review of his case.  (ECF No. 287.)  On April 16, 2021, the Office of the Federal Public Defender filed correspondence indicating that it had not received the requested information related to exhaustion of administrative remedies from Leak, and that it would not supplement his *pro se* Motion.  (ECF No. 289.)

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison.  Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court.  With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in

sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

In this case, Leak has failed to demonstrate that he exhausted his administrative remedies. As provided above, on March 9, 2021, Leak filed the presently pending *pro se* Motion for Compassionate Release. (ECF No. 286.) That same day, the Clerk of this Court mailed Leak a letter informing him of the required procedures to pursue his Motion, which includes filing a request with the warden of his institution pursuant to 18 U.S.C. § 3582(c)(1)(A) and providing the Office of the Federal Public Defender with such information to assist him with his motion. (ECF No. 287.) On April 16, 2021, the Office of the Public Defender filed correspondence stating that it had not received any documents regarding Leak's exhaustion of administrative remedies and that it would not be supplementing his motion. (ECF No. 245.) Leak has failed to provide any evidence that he attempted to exhaust his remedies before seeking relief from this Court. Specifically, he has not demonstrated that he petitioned the Bureau of Prisons for release and that 30 days have elapsed. Accordingly, his Motion is premature.

Even if Leak has exhausted his administrative remedies as required, he has not shown extraordinary and compelling reasons for his release. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, the Sentencing Commission has authorized the BOP to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. *Id.* § 1B1.13 cmt. n.1(D). Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the BOP's authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).

Defendant Leak asserts that compassionate release relief is appropriate in this case because his family lives in Baltimore, Maryland, which has been "devastated" by the COVID-19 pandemic. In *United States v. Johnson*, this Court denied an inmate's motion for compassionate release when he asserted concerns related to his family but did not make any particular complaints about his own medical conditions, nor otherwise assert that the was

5

particularly susceptible to the COVID-19 virus. RDB-09-0272, 2020 WL 3791976, at *2 (D. Md. July 7, 2020). As this Court stated in that case, "[w]hile the public health emergency created by COVID-19 is certainly a concern for all those in detention facilities, '[f]ear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release.'" *Id.* (citing *United States v. Taylor*, No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) (denying without prejudice compassionate release for failure to exhaust administrative remedies and also noting that defendant failed to identify any extraordinary and compelling reason to justify release)).

Accordingly, it is HEREBY ORDERED this 9th Day of June, 2021 that Defendant's Motion for Compassionate Release (ECF No. 286) is DENIED.

                                                                                /s/
                                                Richard D. Bennett
                                                United States District Judge